Filed 4/30/26  P. v. Tolentino CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B338880 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. NA112019 |
| v. | |
| JOJIE TOLENTINO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Jojie Tolentino appeals the revocation of his probation on October 11, 2023.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Tolentino's appellate counsel requested that we review the record and determine whether any arguable issues exist. We have reviewed the entire record and find no arguable issues. We affirm.

## BACKGROUND[1]

On April 6, 2022, Tolentino pleaded no contest to a felony battery with serious bodily injury (Pen. Code, § 243, subd. (d)[2]; count 2). Before pleading no contest, Tolentino waived his constitutional rights, including his right to a trial in open court. The trial court dismissed the remaining charge of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1) and the enhancement for personally inflicting great bodily injury (§ 12022.7, subd. (d)).

The trial court suspended imposition of the sentence and placed Tolentino on two years of formal probation. The court ordered that Tolentino comply with all conditions of probation, including completion of 26 sessions of anger management counseling, 40 hours of community service, restitution, and reporting to the Probation Department. Tolentino acknowledged his understanding of the conditions of probation and accepted them.

---

[1]    Because the appeal does not raise any issues concerning the facts of the underlying offense, the opinion does not include a statement of facts.

[2]    All further statutory references are to the Penal Code.

On October 17, 2022, the trial court revoked Tolentino's probation pending a formal revocation hearing. On February 9, 2023, the court found that Tolentino was not in violation and reinstated probation on the original terms and conditions.

On July 26, 2023, Tolentino waived his right to a formal hearing and admitted a violation. The court revoked and reinstated his probation.

On October 11, 2023, Tolentino admitted another violation for failure to complete the community service ordered as a condition of his probation. On April 11, 2024, the court terminated probation and imposed the low term of two years in state prison.

## DISCUSSION

### Independent Review Pursuant to *People v. Wende*

We appointed counsel to represent Tolentino on appeal. Counsel filed an opening brief that includes the facts and procedural history of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d at p. 441.) Counsel advised Tolentino of the right to file a supplemental brief within 30 days from the date that she filed the opening brief. Tolentino did not file a supplemental brief.

We have examined the entire record. We are satisfied that no arguable issues exist. We conclude that Tolentino's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## DISPOSITION

We affirm the judgment.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


HANASONO, J.


We concur:



EGERTON, Acting P. J.



ADAMS, J.